UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- X

BRIAN ARDITO,

Plaintiff,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE OFFICER GERARD BROGAN, in his individual and official capacities, SUFFOLK COUNTY POLICE OFFICER BARD SIMPSON, in his individual and official capacities, SUFFOLK COUNTY POLICE OFFICER KEVIN MARTINEZ, in his individual and official capacities, and SUFFOLK COUNTY POLICE OFFICER JOHN DOES #1-10 (fictitiously named), in their individual and official capacities,

Defendants.

--------------------------------------------------------------------- X

**DOCKET NO.:**

**COMPLAINT**

**Plaintiff Demands a Trial by Jury**

Plaintiff, BRIAN ARDITO ("Plaintiff"), by his attorneys, The Wright Firm, LLC, complaining of Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE OFFICER GERARD BROGAN, in his individual and official capacities, SUFFOLK COUNTY POLICE OFFICER BARD SIMPSON, in his individual and official capacities, SUFFOLK COUNTY POLICE OFFICER KEVIN MARTINEZ, in his individual and official capacities, and SUFFOLK COUNTY POLICE OFFICER JOHN DOES #1-10 (fictitiously named), in their individual and official capacities, (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF ACTION

1. This is an action for deprivation of Plaintiff's civil rights, committed by Defendants while acting in concert and under color of state law, of Plaintiff's rights, liberties, and immunities as guaranteed to him by reason of the Fourth and Fourteenth Amendments to the United States Constitution. This Court is authorized to grant Plaintiff relief under 42 U.S.C. §§ 1983 and 1988.

## JURISDICTION

2. Jurisdiction in this matter is invoked in accordance with 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Plaintiff further invokes the supplemental jurisdiction of the Court to hear and decide claims arising out of the pendant state claims pursuant to 28 U.S.C. § 1376(a).

## VENUE

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the County of Suffolk; the actual place of employment of all of the individual Defendants is in the County of Suffolk in the Eastern District of New York; and the County of Suffolk is within the jurisdiction of the Eastern District of New York. Additionally, Plaintiff resides within the County of Suffolk, in the Eastern District of New York.

## PARTIES

4. Plaintiff BRIAN ARDITO ("ARDITO" or "Plaintiff") is a resident of the State of New York, who lives within the Eastern District of New York.

5. Defendant COUNTY OF SUFFOLK ("COUNTY") is a municipal subdivision of the State of New York, duly existing by reason of and pursuant to the laws of the State of New York.

6. Upon information and belief, at all relevant times described herein, Defendant COUNTY, by its agents and/or employees, operated, maintained, and controlled the Suffolk County Police Department ("SCPD").

7. Upon information and belief, at all relevant times described herein, SCPD is a subdivision and/or agency of Defendant COUNTY.

8. Upon information and belief, at all relevant times described herein, Defendant SUFFOLK COUNTY POLICE OFFICER GERARD BROGAN ("BROGAN") is a police officer being sued in his individual and official capacities, and is an employee of Defendant COUNTY and SCPD. At all relevant times described herein, BROGAN was acting under color of state law within the scope of his employment as a police officer, employed by Defendant COUNTY and SCPD, and work under the supervision, direction, and/or control of his supervisors in the SCPD.

9. Upon information and belief, at all relevant times described herein, Defendant SUFFOLK COUNTY POLICE OFFICER BARD SIMPSON ("SIMPSON") is a police officer being sued in his individual and official capacities, and is an employee of Defendant COUNTY and SCPD. At all relevant times described herein, SIMPSON was acting under color of state law within the scope of his employment as a police officer, employed by Defendant COUNTY and SCPD, and work under the supervision, direction, and/or control of his supervisors in the SCPD.

10. Upon information and belief, at all relevant times described herein, Defendant SUFFOLK COUNTY POLICE OFFICER KEVIN MARTINEZ ("MARTINEZ") is a police officer being sued in his individual and official capacities, and is an employee of Defendant COUNTY and SCPD. At all relevant times described herein, MARTINEZ was acting under color of state law within the scope of his employment as a police officer, employed by Defendant COUNTY and SCPD, and work under the supervision, direction, and/or control of his supervisors in the SCPD.

11. Upon information and belief, at all relevant times described herein, Defendant SUFFOLK COUNTY POLICE OFFICER JOHN DOES #1-10 ("PO DOES") are police officers, detectives, sergeants, or supervisors who are yet unknown, are being sued in their individual and official capacities, and are employees of Defendant COUNTY and SCPD. At all relevant times

described herein, PO DOES were acting under color of state law within the scope of their employment as police officers, detectives, sergeants, or supervisors employed by Defendant COUNTY and SCPD, and work under the supervision, direction, and/or control of their supervisors in the SCPD.

12. Defendants BROGAN, SIMPSON, MARTINEZ, and PO DOES are collectively referred to as the “Individual Defendants”.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

13. Plaintiff served a Notice of Claim upon COUNTY within ninety days of the events giving rise to his claims.

14. On June 5, 2026, ARDITO appeared for an examination pursuant to § 50-h of the New York General Municipal Law.

15. More than thirty days have elapsed since Plaintiff served his Notice of Claim and COUNTY has not offered adjustment or payment thereof.

## FACTUAL ALLEGATIONS

16. Plaintiff ARDITO is a veteran who served as a paratrooper in the United States Army.

17. On or about December 9, 2025, ARDITO was lawfully present at his residence in Bay Shore, New York.

18. On the aforementioned date and location, ARDITO was experiencing a grand mal seizure.

19. In response to ARDITO experiencing this grand mal seizure, ARDITO’S wife called 911 and requested an ambulance.

20. On the aforementioned date, Defendant BROGAN arrived at the location purportedly to render aid to ARDITO.

21. Upon his arrival, ARDITO'S wife informed BROGAN what had transpired including but not exclusively that ARDITO had just experienced a seizure.

22. Instead of calling for or rendering proper medical aid to ARDITO, BROGAN, without justification or probable cause, proceeded to assault ARDITO, striking him, punching him, kicking him, grabbing him, tasing him, kicking him down the stairs, and chasing him out of his house.

23. Once ARDITO was outside, BROGAN continued to deploy his taser despite ARDITO not posing a threat to himself or others.

24. ARDITO was then placed into handcuffs by BROGAN and subsequently thrown to the ground without justification.

25. Upon information, at this time SIMPSON, MARTINEZ, and/or PO DOES arrived at the scene.

26. While attempting to thwart/stop the assault of BROGAN, ARDITO continuously called out for help, in front of SIMPSON, MARTINEZ, and PO DOES.

27. BROGAN informed ARIDTO that if he did not stop calling out for help, he (ARDITO) was going to be tased again, despite laying face down in the street with his hands handcuffed behind his back.

28. BROGAN then proceeded to tase the prone and handcuffed ARIDTO in his back while SIMPSON, MARTINEZ, and PO DOES observed.

29. ARDITO was arrested in front of his neighbors and charged with Harassment in the Second Degree.

30. Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him. That, in detaining Plaintiff without a fair and reliable determination of probable cause, Defendants abused their power and authority as a policymaker of the SCPD under the color of State and/or local law. It is alleged that Defendant COUNTY and SCPD, via their agents, servants, and employees, routinely charge persons with crimes they did not commit. Plaintiff was but one of those persons. This is especially so when Defendants were aware that one of their officers had employed excessive force. Specifically, Defendants would levy baseless charges to insulate themselves from potential liability for excessive force with baseless charges against the victim of their excessive force.

31. In effectuating the detainment and arrest, BROGAN, SIMPSON, MARTINEZ, and PO DOES were acting under the color of law.

32. There was no legitimate basis and/or lawful authority for the detainment, arrest, and assault of ARDITO.

33. Defendants had no evidence to substantiate the charges issued against ARDITO.

34. Plaintiff ARDITO'S prosecution continued after there was no longer probable cause to believe that Plaintiff had any involvement in any of the alleged and charged crimes.

35. As a result of the malicious prosecution, Plaintiff ARDITO was required to appear in court, impugning ARDITO'S reputation and causing Plaintiff shame and humiliation.

36. Plaintiff was required to retain counsel and appear in court after Defendants had incontrovertible evidence that Plaintiff was not involved in the alleged crimes he was arrested and charged with.

37. The prosecution of ARDITO was terminated favorably to him, with all charges being dismissed.

38. At all relevant times to the instant Complaint, Defendants were acting under color of law.

39. At all relevant times to the instant Complaint, Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the Constitutional rights, privileges, and immunities of Plaintiff ARDITO and, while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper, and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property ensuring civil order.

40. At all relevant times to the instant Complaint, Defendants, and each of them, had the power and duty to prevent them from violating the law and the rights of Plaintiff ARDITO, but each of the Defendants failed and refused to restrain the other Defendants and thereby became a party to unlawfully subjecting Plaintiff ARDITO to harm and denial of basic rights.

41. That the injuries Plaintiff suffered were caused solely by the conduct of Defendants and Plaintiff in no way contributed to or caused the injuries he suffered.

42. Defendants' conduct was the proximate cause of Plaintiff's injuries.

43. The injuries suffered by Plaintiff are permanent in nature.

**AS AND FOR A FIRST COUNT**
**42 U.S.C. § 1983 - Excessive Force**
**(*Against Defendant BROGAN*)**

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

45. Plaintiff was assaulted, battered, and brutalized by Defendant BROGAN in the absence of any need for application of such force.

46. Defendant BROGAN subjected Plaintiff to excessive force while acting in the scope of his employment as a police officer. Such force was objectively unreasonable under the circumstances then existing and caused Plaintiff to suffer serious and permanent physical injuries.

47. Plaintiff has suffered significant and substantial damages as a result of all of Defendant's aforementioned conduct.

48. As a proximate result of Defendant BROGAN'S actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus attorney's fees pursuant to Title 42 § 1988, as well as punitive damages as to the Individual Defendants.

**AS AND FOR A SECOND COUNT**
**42 U.S.C. § 1983 – False Arrest and Unlawful Search & Seizure**
**(*Against Defendants BROGAN, SIMPSON, MARTINEZ, and PO DOES*)**

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

50. That the aforesaid arrest and imprisonment of Plaintiff by Defendants in their capacity as law enforcement was under the color of State Law, without any reasonable cause or belief that Plaintiff was in fact guilty of the crimes for which he was charged.

51. That said Defendants, their agents, servants, and employees falsely arrested and illegally imprisoned Plaintiff, and intentionally subjected Plaintiff to confinement which Plaintiff was conscious of, and said confinement was not otherwise privileged or consented to by Plaintiff.

52. That, by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by Defendants, their agents, servants, or employees, Plaintiff was wrongfully deprived of his rights and privileges and benefits as provided to him under the Constitution of the United States of America, was subjected to pain and suffering, great indignities, ridicule, scorn, loss of freedom, humiliation, mental distress, was prevented from attending his usual activities, was injured in his reputation in the community, and was further caused to incur monetary expense, including legal fees.

53. That the aforesaid false arrest and imprisonment of Plaintiff violated the Fourth Amendment of the United States Constitution.

54. That Defendants committed the foregoing acts willfully and with malicious disregard for Plaintiff's rights and are, therefore, liable to Plaintiff for compensatory as well as punitive damages.

55. As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus attorney's fees pursuant to Title 42 § 1988, as well as punitive damages as to the Individual Defendants.

**AS AND FOR A THIRD COUNT**
**42 U.S.C. § 1983 – Malicious Prosecution**
**(*Against Defendant BROGAN, SIMPSON, MARTINEZ, and PO DOES*)**

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

57. Defendants' commencement and/or continuation of a criminal proceeding against Plaintiff by the lodging of false charges, wrongful arrest, and abuse of process culminated into the unjustifiable and malicious prosecution of Plaintiff by Defendants.

58. Defendants BROGAN, SIMPSON, MARTINEZ, and/or PO DOES provided false and fabricated information which was used by the District Attorney's Office ("DA") to prosecute Plaintiff for false, erroneous, and unsubstantiated charges.

59. Defendants BROGAN, SIMPSON, MARTINEZ, and/or PO DOES provided the DA with false information, and knew that said information would be used to prosecute Plaintiff.

60. Defendants BROGAN, SIMPSON, MARTINEZ, and/or PO DOES' actions constituted unreasonable and unlawful behavior, as well as abuse of process, abuse of authority, and violations of Plaintiff's Fourth and Fourteenth Amendment rights.

61. As a result of Defendants BROGAN, SIMPSON, MARTINEZ, and/or PO DOES' actions, the DA conducted said proceedings against Plaintiff based on the false and fabricated evidence.

62. Defendants BROGAN, SIMPSON, MARTINEZ, and/or PO DOES, therefore, caused the DA to breach its duty under 42 U.S.C. § 1986 to prevent the commission of the civil rights violations perpetrated against Plaintiff including violations of 42 U.S.C. § 1983.

63. Defendants instituted and maintained criminal charges against Plaintiff knowing that he was completely innocent.

64. Said abuse of process has continued by Defendants' failure to adequately investigate and properly discipline Defendants BROGAN, SIMPSON, MARTINEZ, and/or PO DOES for their actions against Plaintiff.

65. The false and fabricated allegations made against Plaintiff were based on actual malice harbored by Defendants.

66. Each knew that the charges were false and only sought to press the charges to mask and/or coverup the abuses, violations, and wrongful acts which they had taken against Plaintiff.

67. The actions taken by Defendants to create a false narrative; falsely accuse Plaintiff; provide false information to the DA; maliciously prosecute; harass; and fully inconvenience Plaintiff with false criminal charges is an abuse of process, by using the courts and judicial process to harass, intimidate, inconvenience, and further damage Plaintiff despite no significant evidence for prosecuting the baseless charges.

68. All charges against Plaintiff were eventually dismissed and terminated in Plaintiff's favor.

69. As a result of said abuse of process, Plaintiff has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been harmed monetarily in his incurring of attorney fees, and other expenses incurred in the attempt to clear Plaintiff from these false and maliciously imposed criminal charges.

70. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of TEN MILLION DOLLARS ($10,000,000.00), plus attorney's fees pursuant to Title 42 § 1988, as well as punitive damages as to the Individual Defendants.

**AS AND FOR A FOURTH COUNT**
**42 U.S.C. § 1983 - Failure to Intervene**
**(*Against Defendants SIMPSON, MARTINEZ, and PO DOES*)**

71. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

72. Defendants had an affirmative duty to intervene to prevent the violation of Plaintiff's Constitutional rights.

73. Defendants failed to intervene to protect Plaintiff from the egregious violation of his Constitutional rights, despite having a realistic opportunity to do so.

74. That, as a result of Defendants' conduct and failure to intervene, Plaintiff's Constitutional rights were violated.

75. Plaintiff has suffered damages as a result of Defendants' impermissible conduct.

76. As a proximate result of Defendants' actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus attorney's fees pursuant to Title 42 § 1988, as well as punitive damages as to the Individual Defendants.

**AS AND FOR A FIFTH COUNT**
**42 U.S.C. § 1983 - *Monell***
**(*Against Defendant COUNTY*)**

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

**Failure to Supervise and Failure to Train**

78. Defendant COUNTY was responsible for supervising, overseeing, and controlling its respective subordinates.

79. Defendant COUNTY had an express and/or implied duty to provide a reasonably safe environment for its citizens, including Plaintiff. At a minimum, it had a duty to keep them from being falsely arrested and maliciously prosecuted by its employees, which was foreseeable based upon past instances of misconduct, which were known to Defendant COUNTY.

80. Despite having this knowledge, Defendant COUNTY failed to take any remedial measures to prevent the aforementioned violations of Plaintiff's Constitutional rights.

81. The countenancing of this behavior created an environment within the SCPD wherein members were allowed to continue with their behavior, which led to the Constitutional rights of citizens being violated, including Plaintiff.

82. Defendant COUNTY intentionally failed to adequately supervise, control, oversee, train, and/or monitor its employees and members, who had a history of engaging in official misconduct, and failed to implement measures to prevent its employees and members from conspiring with each other to cover up their official misconduct.

83. Defendant COUNTY intentionally failed to adequately supervise, control, oversee, train, and/or monitor its employees and members from conspiring with each other to cover up their

official misconduct and prevent them from continuously violating the Constitutional rights of individual citizens, including Plaintiff.

84. Defendant COUNTY negligently hired, retained, and/or supervised its employees and members when it knew or should have known that they posed a threat to individuals.

85. Defendant COUNTY knew or should have known of its employees and members' propensity for the conduct which caused Plaintiff's injuries, prior to the occurrence of the injuries.

86. At all times relevant hereto, Defendants' actions were willful, wanton, malicious, reckless, and/or outrageous in their disregard for the rights and safety of Plaintiff.

87. Defendant COUNTY was aware that there was a substantial likelihood that permitting its employees and members to carry on their regular duties would deprive the public of their civil rights, but failed to take adequate measures to resolve the wrong.

88. Defendant COUNTY'S failure and refusal to adequately investigate its employees' actions, acquiescence in Defendants' conduct, failure to take any remedial action against Defendants, allowing Defendants to remain employed as police officers, detectives, sergeants, and/or supervisors, gross negligence in its supervision of Defendants, and deliberate indifference to the rights of others by failing to act on information that Constitutional rights were being violated, subjects Defendant COUNTY to supervisory liability for the crime and Constitutional violations perpetrated against Plaintiff.

**Custom, Policy, and Practice**

89. It was the custom, policy, and practice of Defendant CONUTY to tolerate, condone, and encourage Constitutional violations, such as those alleged by Plaintiff above, by failing to properly punish, charge, reprimand, and investigate allegations and incidents of misconduct by its employees and members.

90. Employees and members of COUNTY, such as the Individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct.

91. Employees of COUNTY, such as the Individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct and, further, that they would be indemnified from civil liability regardless of the illegality or unconstitutionality of their actions.

92. By failing to supervise, train, and reprimand such COUNTY employees and members of SCPD, Defendant COUNTY caused the injuries to Plaintiff through the actions and inactions of the Individual Defendants.

93. It was the custom, policy, and practice of Defendant COUNTY to blatantly ignore complaints and/or widespread allegations of malfeasance in order to shield the SCPD from receiving any bad press that would be generated from an investigation of police misconduct.

94. Since 2011, at least seven officers from SCPD who have admitted to misconduct, such as improper use of force, have entered into deals with COUNTY to remain in SCPD until they are allowed to retire.

95. Upon information, at least one of those officers was allowed to remain a police officer for an additional fourteen (14) years as part of the deal made with COUNTY despite admitting to misconduct.

96. This custom, policy, and practice of Defendant COUNTY to ignore complaints and/or widespread allegations of assault and other malfeasance created an environment where

foreseeable Constitutional violations by its employees and members were rampant, including the violations of Plaintiff's Constitutional rights.

97. Defendant COUNTY'S failure to take action against its employees and members involved in this incident and in other similar incidents was part of a custom, practice, and procedure of neglect and deliberate indifference that directly caused the injuries to Plaintiff.

98. As authorized representatives of Defendant COUNTY, the employees and members' conduct of illegal arrests or threats of arrest without probable or reasonable cause, searches and seizure of arrestees, and malicious prosecutions constituted a custom, policy, and practice which renders Defendant COUNTY liable to Plaintiff as a "Person" acting under the color of state law.

99. Defendant COUNTY is, therefore, liable for violations of Plaintiff's Constitutional rights as caused by the Individual Defendants, as described in more detail in the foregoing paragraphs, and Plaintiff has suffered damages therefrom.

100. Among the other conduct or failure to act by COUNTY which caused Plaintiff's injuries are the following:

(a) Failure to retrain and update training of its police officers and detectives regarding the proper use of force, probable cause, and investigation of purported crimes under the Constitution of the United States, including police officers and detectives who have been accused of excessive use of force, improper police procedures and tactics, and falsifying police records.

(b) In hiring and retaining incompetent police officers who COUNTY knew or should have known possessed aggressive propensities, lack of proper temperament, and inability to comprehend or abide by Constitutional principles.

(c) In failing to establish and implement meaningful procedures for discipling or re-training officers and detectives who have engaged in such misconduct, including officers and detectives who have been the subject of misconduct claims.

(d) Failed to implement adequate disciplinary policies to deter its police officers and detectives from the use of excessive force, improper police procedures and tactics, and falsifying police records.

101. That, by virtue of Defendant COUNTY'S failure and refusal to adequately investigate the Individual Defendants' actions, acquiescence in the Individual Defendants' conduct, failure to take any remedial action against the Individual Defendants, allowing the Individual Defendants to remain employed, gross negligence in its supervision of the Individual Defendants, and deliberate indifference to the rights of others by failing to act on information that Constitutional rights were being violated by the Individual Defendants, Defendant COUNTY, which employed these Individual Defendants and policymakers during the relevant time period, exhibited a *de facto* custom, policy, or usage of unconstitutional conduct sufficient for the imposition of municipal liability under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

102. Despite knowledge of such *de facto* policies and practices, the supervising and policy making officers and officials of the SCPD have not taken steps to terminate these policies and practices, have not disciplined individuals who engage in such practices or otherwise trained police officers and detectives with regard to the Constitutional and statutory limits on the exercise of their authority, and have, instead, condoned and ratified these customs, usages, and practices through their deliberate indifference to or disregard of the effect of said policies, customs, and practices upon the Constitutional rights upon persons within their respective jurisdictions.

103. As a proximate result of COUNTY'S actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus attorney's fees pursuant to Title 42 § 1988.

**AS AND FOR A SIXTH COUNT**
**Pendant State Claim – Assault and Battery**
**(*Against All Defendants*)**

104. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

105. The aforestated actions of Defendants amounted to an assault and battery of Plaintiff ARDITO.

106. Plaintiff ARDITO did not consent to the harmful and/or offensive touching by Defendants.

107. As a result of the aforementioned actions of Defendants, Plaintiff ARDITO suffered physical and emotional injuries.

108. Defendants' actions were intentionally, recklessly, and/or negligently done to intimidate and did cause physical pain and emotional distress to Plaintiff ARDITO.

109. At all times mentioned, Defendants were acting within the scope of their employment as police officers.

110. At all times mentioned, all police officers and/or employees of COUNTY were acting within the scope of their employment.

111. At all times mentioned, the police officers and/or employees were employed by Defendant COUNTY.

112. The actions of the officers and employees, which were performed within their scope of employment, creates liability against Defendant COUNTY under New York State Law.

113. Consequently, Defendant COUNTY is liable under *respondeat superior* for the actions of its employees.

114. As a proximate result of Defendants' intentional and malicious actions, Plaintiff ARDITO was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages as to the Individual Defendants.

**AS AND FOR A SEVENTH COUNT**
**Pendant State Claim – False Arrest/Imprisonment**
**(*Against All Defendants*)**

115. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

116. The Individual Defendants caused Plaintiff to be falsely arrested/imprisoned.

117. The Individual Defendants caused Plaintiff to be confined and intended to have Plaintiff confined.

118. Plaintiff was conscious of the confinement, Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

119. That by reason of the false arrest, Plaintiff suffered damages as set forth herein.

120. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages as to the Individual Defendants.

**AS AND FOR AN EIGHTH COUNT**
**Pendant State Claim – Malicious Prosecution**
**(*Against All Defendants*)**

121. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

122. As a result of the malicious prosecution, ARDITO suffered substantial financial loss.

123. As a result of the false and unlawful charges, ARDITO was required to make multiple appearances in Court.

124. Defendants participated in the investigations of allegations against ARDITO, as well as the criminal prosecution against him.

125. The criminal prosecution was commenced despite Defendants' knowledge that ARDITO did not participate in the alleged crimes and that probable cause for the arrest and initiation of the prosecution did not exist.

126. The criminal prosecution was continued after Defendants knew that they had no probable cause for the original arrest and/or initiation of the prosecution existed.

127. By participating in the arrest and prosecution which they knew lacked probable cause, Defendants acted with malice against ARDITO.

128. Defendants prosecuted ARDITO with malice independent of their lack of probable cause.

129. The prosecution of ARDITO was terminated favorably to him.

130. As a result of Defendants' malicious prosecution, ARDITO'S rights were violated.

131. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages as to the Individual Defendants.

**AS AND FOR A NINTH COUNT**
**Pendant State Claim - Negligence**
**(*Against All Defendants*)**

132. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

133. Defendants had a duty to prevent and cease the unlawful assault and battery, search and seizure, wrongful detainment, false arrest, false imprisonment, and malicious prosecution upon Plaintiff, as well as a duty to hire, to train, to investigate, supervise, and discipline the Individual Defendants and prevent other wrongful acts that were committed against Plaintiff.

134. In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and Constitutional rights of Plaintiff against assault and battery, illegal search and seizure, detained custody, false imprisonment, malicious prosecution, and other due process violations. Said rights are guaranteed to Plaintiff by 42 U.S.C. § 1983 and by the Fourth and Fourteenth Amendments of the Constitution.

135. The breach of duty by Defendants was a direct and proximate cause of the harm suffered by Plaintiff. Said harm includes physical harm, pain and suffering, which continues to

this day, monetary expenses, personal humiliation, damage to reputation, and loss of standing in the community, and severe physical, emotional, and psychological damage.

136. That, by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of TEN MILLION DOLLARS ($10,000,000.00).

## JURY DEMAND

137. Plaintiff demands a Trial by Jury of all causes of action so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. Under the First Count, in the amount not less than TEN MILLION DOLLARS ($10,000,000.00), plus attorney's fees and punitive damages;

B. Under the Second Count, in the amount not less than TEN MILLION DOLLARS ($10,000,000.00), plus attorney's fees and punitive damages;

C. Under the Third Count, in the amount not less than TEN MILLION DOLLARS ($10,000,000.00), plus attorney's fees and punitive damages;

D. Under the Fourth Count, in the amount not less than TEN MILLION DOLLARS ($10,000,000.00), plus attorney's fees and punitive damages;

E. Under the Fifth Count, in the amount not less than TEN MILLION DOLLARS ($10,000,000.00), plus attorney's fees;

F. Under the Sixth Count, in the amount not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages;

G. Under the Seventh Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages;

H. Under the Eighth Count, in the amount not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages;

I. Under the Ninth Count, in the amount not less than TEN MILLION DOLLARS ($10,000,000.00);

J. Costs and disbursements in this action; and

K. Such other and further relief as the Court deems just and proper.

Dated: Rochester, New York
August 5, 2026

**THE WRIGHT FIRM, LLC**
*Attorneys for Plaintiff*

By: /s/*Ron F. Wright*
Ron F. Wright, Esq.
30 W. Broad Street, Suite 503
Rochester, New York 14614
Ph: 585.285.4514
wrightfirmoffice@gmail.com